IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER M. MUADDI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL CENTER,<br><br>　　　　Respondent.<br>_____ | No. C 06-2783 MMC (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

On April 24, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In March 2004, in the Superior Court of Santa Clara County, petitioner was sentenced to a term of 7 years in state prison, following his conviction for transporting drugs. The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied review.

**DISCUSSION**

A.　Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

Petitioner sets forth six claims in the form petition and on a page attached thereto titled "Questions(s) Presented." These claims are further explained in the petition for review filed in the California Supreme Court and attached to the form petition herein. Petitioner claims: (1) evidence from a search of petitioner's car was admitted in violation of his Fourth Amendment rights; (2) evidence of his prior conviction was admitted and infected the trial; (3) the trial court's denial of his request to recall a witness violated his right to due process; (4) misconduct by the prosecutor violated his constitutional rights to confrontation, due process and counsel; (5) he received ineffective assistance of counsel, in violation of the Sixth Amendment; and (6) cumulative errors affected the outcome of the trial.

The first of the above-referenced claims fails to state a cognizable basis for federal habeas relief. Federal habeas review of Fourth Amendment claims is barred unless the state did not provide an opportunity for full and fair litigation of those claims. See Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976). In this instance, there exists a state procedure in California affording petitioner an opportunity to fully and fairly litigate his Fourth Amendment claims, and, consequently, consideration of those claims herein is barred. See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (holding whether defendant actually litigated 4th Amendment claim in California courts irrelevant in light of opportunity to do so under California law). Accordingly, the first claim will be dismissed.

The second and sixth claims likewise fail to state a cognizable basis for federal habeas relief, in that neither alleges a violation of federal law. A writ of habeas corpus is available under 28 U.S.C § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is not available to redress violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, in his second and sixth claims, petitioner has not identified what law allegedly was violated, as is necessary to provide respondent with adequate notice of the claim being asserted. See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (holding petitioner must state claims with sufficient specificity). Petitioner will be given leave to amend these two claims to allege what federal law, if any, he is asserting was violated. Failure to so amend will result in dismissal of these claims without prejudice. Petitioner is advised that any federal basis for such claims must be exhausted, by petitioner's having sufficiently presented the federal basis for the claims to the Supreme Court of California, before raising them in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Liberally construed, petitioner's third, fourth and fifth claims are cognizable.

## CONCLUSION

In light of the foregoing, the Court rules as follows:

1. Petitioner's first claim is DISMISSED. The second and sixth claims are DISMISSED WITH LEAVE TO AMEND. If petitioner wishes to amend these two claims, he must, within **thirty (30) days** of the date this order is filed, file an amended petition in which he corrects the deficiencies noted above. The amended petition must include the caption and civil case number used in this order, No. C 06-2783 MMC (PR), and must include the words AMENDED PETITION on the first page. In the amended petition, petitioner must include all the claims he wishes to present; in particular, petitioner must reassert in his amended petition the three cognizable claims (his third, fourth and fifth claims)

3

1  from the instant petition.

2      2.    **If petitioner fails to timely amend the petition as ordered herein, the second and sixth claims will be dismissed with prejudice and this matter will proceed only on the basis of the three cognizable claims.**

5      3.    It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b) and/or Civil Local Rule 3-11, for failure to prosecute.

    IT IS SO ORDERED.

DATED: June 14, 2006

_____
MAXINE M. CHESNEY
United States District Judge