**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER M. MUADDI, | ) No. C 06-2783 MMC (PR) |
| Petitioner, | ) |
| | ) **ORDER TO SHOW CAUSE** |
| v. | ) |
| | ) |
| CALIFORNIA CORRECTIONAL CENTER, | ) |
| | ) |
| Respondent. | ) |
| _____ | |

On April 24, 2006, petitioner, proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On June 14, 2006, the Court dismissed the first claim in the petition for failing to state a cognizable claim for relief, dismissed claims two and six with leave to amend because they failed to allege a violation of federal law, and found claims three, four and five cognizable.

On July 10, 2006, petitioner filed an amended petition in which he has cured the deficiencies noted in claims two and six. Specifically, on a page attached to the form petition and titled "Questions Presented (Amended)," petitioner's second claim alleges that the admission of evidence of petitioner's prior conviction violated his right to due process, and his sixth claim alleges that the cumulative effect of the violations alleged in claims two through five violated his right to due process. Liberally construed, these claims are

---

[1] At the time he filed the petition, petitioner was incarcerated in a California prison. Petitioner has recently notified the Court that he has been released.

1 cognizable, and respondent will be ordered to show cause why the petition should not be
2 granted on the basis of petitioner's five cognizable claims.[2]

3     For the reasons stated above, the Court orders as follows:

4     1. The Clerk of the Court shall serve by certified mail a copy of this order, the
5 June 14, 2006 Order of Partial Dismissal With Leave to Amend, the amended petition and
6 the petition, along with all attachments thereto, upon respondent and respondent's attorney,
7 the Attorney General for the State of California. The Clerk shall also serve a copy of this
8 order on petitioner.

9     2. Respondent shall file with the Court and serve on petitioner, within 90 days of
10 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules
11 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
12 granted based on petitioner's cognizable claims. Respondent shall file with the answer and
13 serve on petitioner a copy of all portions of the state trial record that have been transcribed
14 previously and that are relevant to a determination of the issues presented by the petition.

15     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
16 the Court and serving it on respondent within 30 days of the date the answer is filed.

17     3. In lieu of an answer, respondent may file, within 60 days of the date this order
18 is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee
19 Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
20 motion, petitioner shall file with the Court and serve on respondent an opposition or

---

[2] The Court notes that claims three, four and five, as set forth in the form amended petition and on the attached page titled "Questions Presented (Amended)," do not assert a violation of federal law. In the original petition, these three claims also were listed on an attached page titled "Questions Presented," and likewise failed to assert a violation of federal law. The Court nevertheless found the claims cognizable because petitioner had also attached a copy of his petition for review to the California Supreme Court, in which petitioner did set forth a federal basis for claims three, four and five. Petitioner does not attach to his amended petition a copy of that petition for review. It is clear from the amended petition, however, that petitioner intends to continue to pursue his third, fourth and fifth claims. Consequently, and in light of petitioner's pro se status, the Court construes the amended petition as incorporating such petition for review, and based on the federal grounds asserted therein, finds the third, fourth and fifth claims in the amended petition cognizable.

statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: December 8, 2006

_____
MAXINE M. CHESNEY
United States District Judge