IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER M. MUADDI, ) | No. C 06-2783 MMC (PR) |
| Petitioner, ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. ) | |
| KATHY PROSPER, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

On April 24, 2006, petitioner Maher Muaddi, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the constitutional validity of his convictions. On July 10, 2006, petitioner filed an amended petition. In response to the Court's order directing respondent to show cause as to why relief should not be granted on petitioner's amended petition, respondent has filed an answer. Petitioner has not filed a traverse. Having reviewed the parties' respective submissions as well as the underlying record, the Court concludes petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

## BACKGROUND

In 2003, after a vehicle stop, police found cocaine and methamphetamine in petitioner's car and over $500 in cash on his person; a subsequent search of petitioner's house yielded marijuana and nearly $4,000 in cash. When told that cocaine chips had been

found in his car, petitioner said, "That's all you got?" When the police asked if methamphetamine and cocaine would be found in petitioner's blood sample, petitioner said, "Yeah, probably." After a trial on charges arising from this incident, a Santa Clara County Superior Court jury found petitioner guilty of possession of cocaine for sale, see Cal. Health & Safety Code § 11351, as well as transportation of cocaine, see id. § 11352(a), possession of methamphetamine for sale, see id. § 11378, transportation of methamphetamine, see id. § 11379(a), possession of a false compartment for storing controlled substances, see id. § 11366.8(a), being under the influence of cocaine, see id. § 11550, and possession of marijuana, see id. § 11357(b). Additionally, the jury found true allegations that petitioner had suffered four prior convictions. The trial court sentenced petitioner to a term of seven years in state prison. Petitioner appealed. The California Court of Appeal for the Sixth Appellate District affirmed the judgment (Ans. Ex. D at 1–7, 35), and the California Supreme Court denied petitioner's petition for review (id. Ex. F).

**DISCUSSION**

As grounds for federal habeas relief, petitioner alleges (1) the trial court violated his right to due process by admitting evidence of petitioner's prior conviction; (2) the trial court's denial of his request to recall a witness violated his right to due process; (3) misconduct by the prosecutor violated his constitutional rights to confrontation, due process and counsel; (4) he received ineffective assistance of counsel, in violation of the Sixth Amendment; and (5) the cumulative effect of the violations alleged in claims two through four violated his right to due process.

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that

2

was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 795. (2001) (internal quotation and citation omitted).

The state court decision implicated by § 2254(d) is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this instance, is the decision of the California Court of Appeal on direct review of petitioner's conviction. See Nunnemaker, 501 U.S. at 801–06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

B.   Petitioner's Claims

   1.   Prior Conviction

Petitioner claims the trial court violated his due process rights when it admitted evidence of petitioner's 1998 conviction of possession of cocaine for sale; in particular, petitioner claims that the evidence constituted prejudicial propensity evidence.[1] (Am. Pet. at 6.) The state appellate court rejected this claim, finding the facts of the prior crime were sufficiently similar to the crime at issue herein to show petitioner had knowledge of the nature of drugs, and had the intent to sell them. (Ans. Ex. D at 17.)

---

[1] Evidence presented at trial showed that in 1998, petitioner was convicted after cocaine, baggies, $2000 in cash, marijuana and two mobile phones were found in his house. (Ans. Ex. D at 14–15.)

Petitioner's claim is without merit. The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of a fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). With respect to the first part of such inquiry, the Supreme Court has left open the question of whether admission of propensity evidence violates due process. Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991). Given the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held a petitioner, for purposes of AEDPA, has no clearly-established due process right based on the admission of propensity evidence. Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006). In any event, as discussed above, the evidence herein at issue was not admitted to show petitioner's propensity to commit drug offenses, but rather to prove certain elements of the particular crime charged.

With respect to the question of magnitude, the Ninth Circuit has held the admission of the challenged evidence can violate due process, such that the petitioner was denied a fundamentally fair trial, only if there are no permissible inferences that the jury may draw therefrom. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991). Here, the prosecutor sought to admit evidence of petitioner's 1998 conviction in an effort to demonstrate to the jury petitioner's ability to recognize cocaine as a controlled substance, and petitioner's intent to sell the drugs found in his car in 2003. Because it was permissible for the jury to infer such knowledge and intent from the evidence of the 1998 conviction, and because the trial court issued instructions limiting the jury's use of this evidence to such purpose,[2] petitioner has not shown the admission of the evidence resulted in a fundamentally unfair trial.

---

[2] The trial court carefully instructed the jury that the evidence was being admitted for the limited purposes of establishing, if it did, petitioner's knowledge and intent, and that it "was not to be considered by [them] to prove that [petitioner] is a person of bad character or that he has a disposition to commit crimes." The trial court further admonished the jury: "If you find that another crime was committed by a preponderance of the evidence, you are [ ] cautioned and reminded that before a defendant can be found guilty of any crime charged or any included crime in this trial, the evidence as a whole must persuade you beyond a reasonable doubt that [petitioner] is guilty of that crime." (Ans., Ex. D at 15–16.)

4

Accordingly, petitioner is not entitled to habeas relief on this claim.

2. Recalling Witness

Petitioner claims the trial court's denial of his request to recall a witness violated his right to due process. (Am. Pet. at 8.) The state appellate court rejected this claim, finding that the trial court's ruling was proper and that if any error was caused by the ruling, such error was harmless. (Ans. Ex. D at 21, 22–23.)

At trial, Anthony Spitaleri, a close friend of petitioner, testified that he often borrowed petitioner's car, and that a pouch, containing drug paraphernalia and drugs, and found behind the dashboard vent in petitioner's car, belonged not to petitioner but to a woman Spitaleri called Crystal (or Cristina) Parker, with whom Spitaleri had spent time while he was free on parole. More specifically, Spitaleri testified that one night, when he borrowed petitioner's car, he saw Parker with a pouch that contained methamphetamine, and, later that same night, he saw Parker put the dashboard vent back in place, and although he did not actually see her put the pouch in the vent, he noticed she no longer had the pouch. According to Spitaleri's account, petitioner retrieved the car later that night, using another set of keys. (Id. at 5–6.)

Later in the trial, petitioner sought to recall Spitaleri for the purpose of having him testify to an asserted admission by Parker that she had placed the drugs in petitioner's car.[3] The trial court excluded the proposed testimony because petitioner had failed to show Parker was unavailable to testify, one of the requirements for admitting as an exception to the hearsay rule such out-of-court statement.[4] The state appellate court likewise found the defense had not met its burden to show that Parker was unavailable. (Id. at 20–21.)

---

[3] Prior to trial, the trial court, on a motion by the prosecution, had excluded Spitaleri's testimony regarding Parker's alleged admission. (Ans. Ex. B2 at 214.) Trial counsel simply was trying to reintroduce this testimony when he moved to recall Spitaleri.

[4] The California Evidence Code provides: "Evidence of a statement by a declarant having sufficient knowledge of the subject is not made inadmissible by the hearsay rule <u>if the declarant is unavailable as a witness</u> and the statement, when made, was so far contrary to the declarant's pecuniary or proprietary interest, or so far subjected him to the risk of civil or criminal liability, or so far tended to render invalid a claim by him against another, or created such a risk of making him an object of hatred, ridicule, or social disgrace in the community, that a reasonable man in his position would not have made the statement unless he believed it to be true." Cal. Evid. Code § 1230 (emphasis added).

5

Moreover, there was some doubt that Parker even existed, as the prosecution's search of several databases failed to produce an entry of anyone by that name. (Id. at 19–22.)

"State and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." See Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quotations and citations omitted); see also Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (holding due process does not guarantee to defendant right to present all relevant evidence). Such latitude is limited, however, by a defendant's constitutional rights to due process and to present a defense, rights originating in the Sixth and Fourteenth Amendments. See Holmes, 547 U.S. at 324. "Nevertheless, "[w]hile the Constitution prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Id. at 325–26; see Egelhoff, 518 U.S. at 42 (holding exclusion of evidence does not violate Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental").

In deciding whether the exclusion of evidence violates a defendant's due process right to a fair trial or to present a defense, the court balances the following five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. Chia v. Cambra, 360 F.3d 997, 1004 (9th Cir. 2004) (citing Miller v. Stagner, 757 F.2d 988, 994 (9th Cir. 1985)). The court also must give due weight to the state interests underlying the state evidentiary rules on which the exclusion was based. See Chia, 360 F.3d at 1006; Miller, 757 F.2d 988, 995 (9th Cir. 1985).

Applying the above-referenced factors to the instant matter, the Court concludes petitioner's claim is without merit. First, the proffered testimony, although probative as to the issue of possession, lacked reliability, as Spitaleri concededly was a friend of petitioner

and a serious question was raised as to Parker's actual existence.  Second, and of particular significance, the proffered testimony was, in large part, cumulative; Spitaleri already had testified that he saw Parker with the pouch, and that he no longer saw her with pouch after he saw her replace the dashboard vent.  The Court concludes the remaining Chia factors, in this instance, do not weigh substantially in the balance.

Accordingly, petitioner is not entitled to habeas relief on this claim.

3.     Prosecutorial Misconduct

Petitioner claims the prosecutor, in her closing argument, made eight impermissible comments, the effect of which violated petitioner's right to due process.[5]  (Am. Pet. at 6.) The state appellate court found petitioner was not prejudiced by the prosecutor's remarks, and that even if the cumulative effect of the remarks were considered, the evidence of guilt was "extensive."  (Ans. Ex. D at 32.)  The Court, after a review of the applicable federal law, addresses each comment in turn.[6]

A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair."  See Darden v. Wainwright, 477 U. S. 168, 181 (1986).  A prosecutorial misconduct claim is decided "on the merits, examining the entire proceedings to determine whether the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Johnson v. Sublett, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted).

Of the factors courts have taken into account in determining whether prosecutorial misconduct rises to the level of a due process violation, the most significant are:  (1) the weight of the evidence of guilt, U.S. v. Young, 470 U.S. 1, 19 (1985); (2) whether the misconduct was isolated or part of an ongoing pattern, see Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir. 1987); and (3) whether the misconduct relates to a critical part of the case, see

---

[5] Although petitioner also claims the comments violated his rights to confrontation and to counsel, (Am. Pet. at 6), petitioner's arguments concern only his due process rights. Accordingly, the Court will address only his due process claim.

[6] Petitioner does not set forth in his amended petition the comments on which this claim is based.  The Court assumes, however, petitioner refers to the comments listed in his original petition.

7

Giglio v. United States, 405 U.S. 150, 154 (1972).

### (a) First Comment

Petitioner objects to the prosecutor's assertion of facts not in evidence. Petitioner's counsel argued to the jury that the money found in petitioner's apartment, which consisted primarily of $20 bills, comprised his winnings from gambling in casinos, and not drug money. In her closing argument, the prosecutor countered that the money could not have come from a casino because casinos use larger denominations, such as a $100 bills, to pay out large winnings, an assertion not supported by evidence in the record. (Ans. Ex. D at 24–25.)[7]

Even assuming the remark was improper, however, petitioner has not shown his due process rights were violated thereby. As the state appellate court reasoned, the evidence of petitioner's guilt was considerable, including the presence of drugs and drug paraphernalia both in petitioner's car and in his apartment. (Id. at 25.) Further, petitioner has not shown the comment was part of a pattern, nor has petitioner shown that the practices of casinos constituted a critical part of the prosecution's case. Indeed, the prosecutor herself noted that no evidence had been introduced on that point. Equally, if not more, importantly, the jury had been twice instructed, once before the presentation of evidence and again immediately before closing argument, that "[s]tatements made by attorneys during the trial are not evidence." (Ans. A2 at 191 & 198.) Jurors are presumed to follow the court's instructions. See Richardson v. Marsh, 481 U.S. 200, 206 (1987). Under such circumstances, petitioner has not shown the comment deprived him of a fair trial.

---

[7]The prosecutor's statement was:

> One thing I want to mention just briefly, just because it was suggested by questions by defense counsel, although I don't think we have any testimony on that, was that [petitioner] is a gambler and that likely, when you go to Vegas, you get paid out in money and you get paid out in larger bills, which I just want to point out is inconsistent with him having twenty dollar bills. If he had some big win in Vegas we would expect to find hundred dollar bills. They don't give you a thousand dollars in twenties in Las Vegas or Nevada.

(Ans. Ex. B5 at 881.)

8

1    (b)    Second Comment

2    Petitioner objects to what petitioner describes as a suggestion that the Government
prosecutes only those who are guilty, which suggestion, petitioner contends, lessened the
burden of proof and undercut the presumption of innocence.

The prosecutor, in an apparent response to defense counsel's statement that "the person who is responsible for us being here is the district attorney" (Ans. Ex. B at 922), stated:

> The only reason we're all here today is because I, or my office, filed charges against [petitioner]. Right. Why were the charges filed against [petitioner]? They were filed against [petitioner] because he committed crimes, violations of the law . . . just as we would file charges against somebody who murdered somebody, robbed somebody, stole from somebody. It's not the prosecution's responsibility. It's not . . . me who is responsible for prosecuting him. It's his own actions.

(Ans. Ex. D at 26.)

Although a prosecutor's suggestion that the Government prosecutes only the guilty can constitute reversible error, see U.S. v. Lamerson, 457 F.2d 371–72 (9th Cir. 1972), petitioner has not shown the remarks here at issue were of such nature. As the state appellate court noted, the prosecutor's comments "were made in the context of her statements that she felt the evidence showed [petitioner] is a 'low level street drug dealer' whom she had proved to be guilty of the charged offenses pursuant to her 'burden' to 'prove [petitioner] guilty beyond a reasonable doubt.'" (Ans. Ex. D at 27.) The appellate court's findings are not an unreasonable interpretation of the record and, given the prosecutor's concurrent statement that she had the burden to prove petitioner's guilt beyond a reasonable doubt, the challenged comments do not rise to the level of a due process violation.

(c)    Third Comment

Petitioner objects to the prosecutor's rebuttal to a defense argument that the police investigation could have been better. The prosecutor told the jury that if it had "a problem with how this investigation was conducted," there were ways other than acquitting petitioner to address its concerns, such as talking to the district attorney or to someone at the Department of Public Safety. (Ans. Ex. D at 28–29.)

9

The state appellate court rejected petitioner's claim that the prosecutor's statements lessened the burden of proof by shifting responsibility away from the prosecutor in an attempt to "absolve the prosecutor from its obligation to overcome reasonable doubt on all elements." The statements, the state appellate court found, did not constitute misconduct because the prosecutor was entitled to argue in rebuttal that petitioner, and not the police department, was on trial. Further, as the state appellate court noted, the prosecutor emphasized that she had to present evidence sufficient to prove petitioner's guilt beyond a reasonable doubt and that petitioner must be presumed innocent. (Id. at 29.) In short, petitioner has not shown these comments were impermissible or that they lessened the prosecution's burden of proof or were otherwise improper, let alone that they rendered the trial fundamentally unfair.

(d)     Remaining Comments

Petitioner objects to the following argument:

(1)     A comment that there was no issue as to whether the vehicle, and therefore the cocaine, actually belonged to petitioner;[8]

(2)     A comment that the police scanner petitioner had in his car was there to monitor police activity as to whether he was going to be a suspect in any criminal activity;

(3)     A comment that it was "unfair" to argue that an investigating officer, Officer Ciano, was trying to keep exonerating evidence from the jury;

(4)     A comment, in rebuttal to the defense's challenge that the prosecutor failed to bring in evidence regarding petitioner's computer, that such evidence was a "waste of time";

---

[8] The challenged comment was: "[Petitioner] exercised control of [the compartment in the vehicle in which the drugs were found] and we do have an item of evidence that shows that [petitioner], the car was registered to [petitioner]. And I don't think believe it's an issue as to whether it's his." (Ans. Ex. B5 at 871–72.) According to petitioner, the prosecutor thereby decided for the jury the question of whether the cocaine belonged to petitioner.

10

(5) A rebuttal to the defense's contention that petitioner was a gambler.[9] (Ans. Ex. D at 30–31.) The state appellate court found these comments were not impermissible and, further, that petitioner suffered no prejudice thereby, given that the "evidence of guilt was so extensive." (Id. at 32.) This Court agrees.

The first comment was a permissible comment on the evidence, specifically, evidence that petitioner was driving a car that carried cocaine, and, when informed that the police had found cocaine chips in the vehicle, he responded, "That's all you got?". The second comment likewise was a permissible inference to argue to the jury, particularly in light of evidence that the police scanner was tuned to the Sunnyvale Department of Public Safety frequency. The third comment was permissible rebuttal in support of the credibility of Officer Ciano, who had testified that he ordinarily would not include exonerating evidence in his police reports, but that he would include in his report fingerprint evidence found in a house robbery investigation that pointed to a person other than the one the police had in custody. The fourth comment, a description of the computer evidence as a "waste of time," was permissible because, as the prosecutor pointed out to the jury, the defense had stipulated to the fact that there was no evidence in the computer relevant to petitioner's guilt. By the fifth comment, the remark as to "what she's seen," the prosecutor, according to petitioner, "implies that [she] has more information that what is before the jury." (See Pet. 1st unmarked Ex. at 29.) Taken in context, however, the remark implies no more than what the prosecutor and jury together had "seen," i.e., the evidence presented at trial.

In sum, the Court concludes that all the above-referenced eight comments, whether taken alone or together, either were permissible commentary on the evidence, or to the extent

---

[9] The prosecutor's comment was: "[I]t's been suggested by counsel that the defendant is a gambler . . . [T]he only real evidence that he's a gambler, I think, isn't the casino cards . . . , but I don't think that's inconsistent <u>with what I've seen of the defendant or what you've seen of [petitioner]</u>. He's rolling the dice here, he's betting on you and on your verdict . . . [¶] This is a case of overwhelming evidence of [petitioner's] guilt, based on all of the factors, the car, the house, everywhere . . . I'm asking that you return verdicts of guilty on all of the counts and hold the defendant responsible for his actions . . ." (Ans. Ex. D at 31) (emphasis in original).

11

deemed impermissible, have not been shown to have had a "substantial and injurious effect" on the jury's verdict. See Penry, 532 U.S. at 796.

Accordingly, petitioner is not entitled to habeas relief on his prosecutorial misconduct claims.

4.     Assistance of Counsel

Petitioner claims his trial counsel rendered ineffective assistance by failing to object to the above-listed statements by the prosecutor, and by failing to renew a motion to recall Spitaleri to testify as to the Parker admission. (Pet. at 7.) The state appellate court rejected these claims on the ground that it already had determined petitioner had suffered no prejudice in connection with said matters. (Ans. Ex. D at 23.)

Claims of ineffective assistance of counsel are examined under Strickland v.Washington, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, a petitioner must establish two things. First, he must establish his counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687–68. Second, he must establish he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Where a petitioner is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test if the petitioner cannot establish incompetence under the first prong. See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

As set forth above, the Court has addressed the issues raised by the trial court's denial of petitioner's motion to recall Spitaleri, as well as those raised by the prosecutor's comments, and found petitioner did not suffer prejudice. Because petitioner suffered no prejudice as a result of the exclusion of Spitaleri's testimony or the prosecutor's remarks,

12

petitioner has failed to show a reasonable probability exists that if trial counsel had renewed the motion or objected to the prosecutor's statements, the jury would have had a reasonable doubt as to petitioner's guilt.

Accordingly, petitioner is not entitled to habeas relief on this claim.[10]

5.  Cumulative Error

Petitioner contends the above-referenced errors on the part of the trial court, the prosecutor, and trial counsel, taken together, deprived him of a fair trial. (Pet. at 7.) The state appellate court rejected this claim, finding "the cumulative prejudicial effect of the previously identified errors . . . does not warrant reversal since we are convinced that [petitioner] was not denied his right to a fair trial or his right to a reliable verdict." (Ans. Ex. D at 35.)

Under some circumstances, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors nonetheless may prejudice a defendant to the extent that his conviction must be overturned. See Alcala v. Woodford, 334 F.3d 862, 893–95 (9th Cir. 2003). Where only a single error has been shown, however, there is nothing to accumulate for purposes of a constitutional violation. See Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002).

Here, even assuming, arguendo, more than one error, based on the closing argument concerning the district attorney's determination to prosecute and concerning gambling, such errors, even if taken together, do not rise to the level of a constitutional violation.

Accordingly, petitioner is not entitled to habeas relief on this claim.

//
//
//

---

[10] Petitioner also claims his trial counsel failed to call a witness who would have testified that one of the officers had been the subject of disciplinary action, and for telling the jury petitioner was of Middle Eastern descent. (Am. Pet. at 6b.) As to the first of such claimed errors, petitioner fails to state which officer faced disciplinary action or what specific conduct led to it. As to the second, petitioner fails to show how trial counsel's remark resulted in any prejudice.

13

**CONCLUSION**

For the foregoing reasons, the Court concludes the California Court of Appeal did not render a decision that was contrary to, or constituted an unreasonable application of, clearly established federal law, or entailed an unreasonable determination of the facts.

Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: September 28, 2009

MAXINE M. CHESNEY
United States District Judge